**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 23-2-DLB**

**MICHAEL FAUCETT**                                                      **PETITIONER**

**v.**                  **MEMORANDUM OPINION AND ORDER**

**WARDEN, FCI ASHLAND**                              **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Inmate Michael Faucett has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

In 2011, Faucett was indicted for the production, distribution, and possession of child pornography in violation of 18 U.S.C. §§ 2251(a), 2252(a)(2), and 2252(a)(4)(B). *United States v. Faucett*, No.1: 11-CR-193-TWP-KFP-1 (S.D. Ind. 2011). Faucett pleaded guilty to all counts of the indictment, admitted to his conduct during the sentencing hearing, and was sentenced to 360 months imprisonment. (Doc. # 26, 36, 38, 49 therein). Faucett has sought relief from his convictions and sentence on direct appeal,

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Faucett's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

1

by motion to vacate pursuant to 28 U.S.C. § 2255, and in a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), all without success. *See Faucett v. United States*, 872 F. 3d 506 (7th Cir. 2017).

In his habeas corpus petition, Faucett relies upon the Seventh Circuit's decision in *United States v. Howard*, 968 F.3d 717 (7th Cir. 2020) as grounds for relief. (Doc. # 1 at 6). In *Howard*, the Seventh Circuit held that while the defendant himself had engaged in sexually explicit conduct, the child had not, and thus the defendant had not "used" a minor to produce a depiction of a child engaging in sexually explicit conduct within the meaning of 18 U.S.C. § 2251(a). *Howard*, 968 F. 3d at 721-23.[2] Faucett argues that under *Howard*, even his extensive touching of his six year old granddaughter did not amount to "use" under Section 2251. *See* (Doc. # 1-1 at 4-6).

The Court must dismiss Faucett's petition because his claim is not cognizable in a § 2241 proceeding. A § 2241 petition is reserved for challenges to decisions made within the prison walls that affect the duration of the prisoner's sentence, such as when prison officials compute sentence credits, revoke good conduct time, or determine parole eligibility. *Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021). There is a narrow exception to this rule, but Faucett's claim does not fall within it. To properly invoke Section 2241 to challenge his conviction, a prisoner must satisfy several criteria. Pertinent here, he must point to a new decision by the United States Supreme Court which establishes, as a matter of statutory interpretation, that his federal conviction is invalid because his

---

[2] Another district court within the Sixth Circuit has noted that *Howard* conflicts with precedent from numerous other courts of appeal, including the Sixth Circuit. *See Fisher v. United States*, No. 2:12-CR-162, 2021 WL 5316753, at *2-4 (S.D. Ohio Nov. 16, 2021) (*citing United States v. Lohse*, 797 F.3d 515, 521-22 (8th Cir. 2015); *United States v. Finley*, 726 F.3d 483, 495 (3d Cir. 2013)). *See also United States v. Mendez*, 35 F.4th 1219, 1223 (9th Cir. 2022) (rejecting *Howard* as unsound).

conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). The prisoner must rely upon a Supreme Court decision; a decision from a lower court or a federal court of appeals will not suffice. *Hueso v. Barnhart*, 948 F.3d 324, 334-35 (6th Cir.), *cert. denied*, 141 S. Ct. 872 (2020). If the prisoner's § 2241 petition fails to satisfy any of the criteria for cognizability, the habeas court lacks jurisdiction to entertain it. *Taylor*, 990 F. 3d at 499. Faucett's claim is based solely upon a recent decision by the Seventh Circuit, but "a § 2241 petitioner cannot state a cognizable claim based on a change in circuit court precedent; the petitioner must identify a new Supreme Court decision to show that § 2255's remedy is inadequate or ineffective." *Watford v. Ormond*, No. 20-6049, 2022 WL 10833199, at *4 (6th Cir. Oct. 19, 2022) (cleaned up). The Court must therefore dismiss the petition.

Accordingly, **IT IS ORDERED** as follows:

1. Faucett's petition for a writ of habeas corpus (Doc. # 1) is **DISMISSED** for lack of jurisdiction, and

2. This action is **STRICKEN** from the Court's docket.

This 17th day of January, 2023.



Signed By:
*David L. Bunning*   DB
United States District Judge

L:\DATA\ORDERS\PSO Orders\0-23-02 Faucett Memorandum .docx